UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**RUBEN R. WARD,**

    Petitioner,

    v.          Case No. 04-C-885

**GARY R. McCAUGHTRY**

    Respondent.

## DECISION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS

  Ruben R. Ward ("Ward"), an inmate incarcerated pursuant to a state court judgment, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Judge William C. Griesbach screened Ward's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases and ordered the respondent to answer the petition. This case was reassigned to this court upon all parties consenting to the full jurisdiction of a magistrate judge.

  This case has a rather contentious history. This chronology is important as it forms the foundation for the present petition. Ward's path through the trial court system was marked by repeated courtroom outbursts and challenges to the court's authority. At an attempted preliminary hearing, during which Ward was restrained to a wheelchair as a result of an earlier outburst, Ward scarcely went a sentence without using an expletive aimed at the court generally or the court commissioner personally. The result was the court commissioner referring the matter to the circuit court for contempt proceedings. The circuit court instead referred Ward for a competency evaluation. At this hearing, the circuit court also appointed an attorney for Ward, specifically

increasing the hourly rate of pay on account of the fact Ward had demonstrated himself to be a very difficult client. At later court hearings, Ward got into a physical altercation with a bailiff and attempted to kick out a window of witness room. Ward was found competent and the case was resolved by way of a plea bargain and an Alford plea, in which the State agreed to dismiss but read in for sentencing purposes the charge of resisting or obstructing an officer in exchange for Ward's Alford plea to one count of burglary as party to a crime. Ward was convicted and sentenced to seven years of initial confinement and eight years of extended supervision.

Ward's appellate attorney submitted a no merit report to the court of appeals, to which Ward submitted a written objection wherein he set forth the arguments he felt had merit. The court of appeals agreed with Ward's appellate counsel and adopted the no merit report. The Wisconsin Supreme Court denied review. Ward then filed a petition with the court of appeals regarding his claim that he was not informed that a motion to suppress was pending when he entered his Alford plea. The court of appeals denied this petition and the Wisconsin Supreme Court denied review.

## STANDARDS OF REVIEW

Where the state court adjudicates the merits of a petitioner's claim, this court may grant habeas corpus relief if the state court decision:

> (1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

As the Supreme Court explained in Williams v. Taylor, § 2254(d)(1) establishes two independent grounds on which a federal court can grant habeas corpus relief: (1) if a state court decision is "contrary to" clearly established federal law, as determined by the Supreme Court, or (2) if a state court decision involves an "unreasonable application" of clearly established federal law, as

determined by the Supreme Court. 529 U.S. 362, 404-05 (2000); see also Washington v. Smith, 219 F.3d 620, 627-28 (7th Cir.2000). The "contrary to" standard requires a state court decision to be "substantially different from the relevant precedent of [the Supreme Court]." Williams, 529 U.S. at 405. For example, a state court decision applying a rule that contradicts the governing law set forth by the Supreme Court would qualify, as would a decision that involves a set of facts materially indistinguishable from a Supreme Court case that arrives at a different result. Id. at 405-06. By contrast, a state court decision that draws from Supreme Court precedent the correct legal rule and applies it in a factually distinguishable situation will not satisfy the "contrary to" standard, no matter how misguided the decision's ultimate conclusion. Id. at 406-07.

Under the "unreasonable application" prong of (d)(1), relief may be granted if the petitioner shows that, despite identifying the correct rule of law, the state court unreasonably applied it to the facts of the case. Williams, 529 U.S. at 404. An unreasonable application of federal law, however, is different from the incorrect or erroneous application of federal law. Boss v. Pierce, 263 F.3d 734, 739 (7th Cir. 2001) (citing Williams, 529 U.S. at 410). A federal court simply disagreeing with the state court decision does not warrant habeas relief-the decision's application of Supreme Court precedent must be so erroneous as to be objectively unreasonable. Middleton v. McNeil, 541 U.S. 433, 436 (2004); Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

Under section 2254(d)(2), relief may be had where the petitioner demonstrates that the state court made an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Here again, an unreasonable determination is more than a determination that is simply incorrect or erroneous. Moreover, state court factual determinations are presumed correct, and the petitioner has the burden of rebutting the presumption of correctness by "clear and convincing evidence." § 2254(e)(1). Rice v. Collins, --- U.S. ---, 126 S.Ct. 969, 974 (2006) (citing Miller-El v. Dretke, 545 U.S. 231, ----, 125 S.Ct. 2317, 2325 (2005)).

3

And finally, if the petitioner demonstrates constitutional error under section 2254(d), he still may not be entitled to habeas relief where such error is deemed harmless; that is, the error could not have had a substantial and injurious effect or influence on the jury's verdict. O'Neal v. McAninch, 513 U.S. 432, 436 (1995) (internal citations omitted).

With the § 2254(d) and (e)(1) standards in mind, the court will now turn to the issues raised by Ward.

## ANALYSIS

Judge Griesbach identified four potential grounds for relief in Ward's petition: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) arresting officer's failure to read Ward his Miranda rights; and (4) his plea was not knowingly or voluntarily made. Further analyzing these issues, this court is able to distill essentially two arguments. The first three grounds raised by Ward are all related. Ward seeks habeas relief on the basis that the arresting officers failed to read him his Miranda rights. He argues that his trial counsel was ineffective for failing to inform him that a suppression motion had been filed before he entered his plea and thus his appellate counsel was ineffective for failing to argue that his trial counsel was ineffective. The second distinct issue that this court sees is Ward's argument that his plea was not knowingly and intelligently made on account of the fact that he had not taken certain medications on the day of the hearing. Each of these two distinct grounds shall be addressed in turn.

**Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that the Wisconsin court's decision was either contrary to, or the based on an unreasonable application of, federal law. Williams v. Davis, 301 F.3d 625, 631 (7th Cir. 2002) (applying § 2254(d)(1) standards). The applicable federal law governing ineffective assistance claims is set forth in Strickland v. Washington, 466 U.S. 668 (1984). Strickland requires the petitioner to show (1) his

4

attorney's performance fell below an objective standard of reasonableness, and (2) the deficient performance caused him prejudice. 466 U.S. at 687-88 (1984); Roche v. Davis, 291 F.3d 473, 481-82 (7th Cir.2002); Montenegro v. United States, 248 F.3d 585, 590 (7th Cir. 2001). Courts review counsel's performance under the first prong deferentially, presuming reasonable judgment unless the factual record rebuts such a presumption. See Strickland, 466 U.S. at 689; Matheney v. Anderson, 253 F.3d 1025, 1039 (7th Cir.2001).

With regard to the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. See Strickland, 466 U.S. at 689; Matheney, 253 F.3d at 1039-40. If the court finds that the counsel's alleged deficiency did not prejudice the defendant, under the second prong, the court does not need to consider the first prong of the Strickland test. Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003).

Ward's claims of ineffective assistance of counsel are related; he argues that his post-conviction counsel was ineffective for failing to argue that his trial counsel was ineffective. Thus, if his trial counsel was not ineffective, Ward cannot demonstrate that his appellate counsel's performance was either objectively unreasonably or prejudicial for failing to argue that his trial counsel was ineffective.

Ward alleges that his trial counsel did not inform him that a motion to suppress on the basis that Ward was not provided his Miranda warnings had been filed prior to Ward entering his Alford plea. Ward argues that if he had known that a motion to suppress had been filed, he would have waited until the motion was resolved before he entered his plea.

The following is an excerpt from the sentencing transcript, provided as Exhibit S to the respondent's Answer, occurring after Ward had repeatedly interrupted and challenged the court:

THE DEFENDANT: All right. Just calm down, Judge. I'll be quiet.

5

> THE COURT: No, you please quiet down. You say anything more, you face contempt of this Court. That's it. Sit down, sir. You're not ready to go yet. We've got to schedule the matter for trial and motion hearing on the motion to –
>
> THE DEFENDANT: You don't want to hear me.
>
> [DEFENSE ATTORNEY]: Sit down.
>
> THE COURT: We're scheduling it for a motion hearing on the Fifth Amendment issue that you filed. I'll let counsel review it. It's here in the file. And whatever basis there is, if there is any, you bring it forth. If there isn't, well, so be it.
> We will go ahead and schedule that. We'll schedule the trial, then, for that same day so that we can get them both done at the same time. And that will be where we'll go.

(Exhibit S at 16-17.) Later that same day, the case was recalled and Ward entered his Alford plea.

This transcript passage clearly indicates that Ward was informed by the court that the motion was filed and were it not for his Alford plea, the motion would have been resolved. Regardless of the fact that the record contradicts Ward's claim that he was unaware of the motion, Ward is unable to this alleged lack of information prejudiced him. There is absolutely no indication that any statement was ever made; in fact, the police reports explicitly state that Ward invoked his Miranda rights as he was being placed in a cell, thereby implying that he did not provide a statement. Thus, because there is no indication of the existence of any incriminating statement, there is absolutely no indication that a motion to suppress would have been successful in suppressing anything. Therefore, there is absolutely no indication that the end result of this case would have been any different. Thus, this court is unable to say that the court of appeals' decision regarding this issue was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To the extent that Ward may be attempting to raise an alleged <u>Miranda</u> violation as an independent basis for federal habeas relief, this claim is without merit on the grounds that Ward has failed to demonstrate that he was, in any way, affected the outcome of this case. Thus, any <u>Miranda</u> violation was harmless and does not merit federal habeas relief. <u>See</u> <u>Whitman v. Bartow</u>, 434 F.3d 968, 971 (7th Cir. 2006) (citing <u>Brecht v. Abrahamson</u>, 507 U.S. 619 (1993)). The complaint served as the factual basis for the defendant's plea and the complaint contains absolutely no information derived from the Ward's own statements.

**Knowing and Voluntary Plea**

Ward next argues that his plea was not knowingly and intelligently made because he did not take certain medication that day. The respondent argues that Ward has procedurally defaulted this claim by failing to raise it in his response to the no merit report that he submitted to the court of appeals. Ward's appellate counsel specifically explained in the no merit report submitted to the court of appeals that an argument that Ward's plea was not freely and voluntarily made would lack merit because the record clearly established that appropriate constitutional safeguards were taken. Ward did not challenge his appellate counsel's assessment in his objection to the no merit report.

Having failed to raise in state court the argument that his plea was not knowingly and intelligently made because he had failed to take certain medications on the day of the plea hearing, Ward is unable to raise the issue in his federal habeas petition.

In addition to the fact that this claim was procedurally defaulted, were this court to reach the merits, it would conclude that Ward is not entitled to federal habeas relief on this basis. During the plea colloquy with the court, Ward specifically stated, under oath, that he had taken four psychotropic medications on the day of his plea hearing. (Exhibit S at 42.) Thus, in addition to being procedurally defaulted, Ward's argument is explicitly contradicted by the factual record, and therefore Ward is not entitled to federal habeas relief on this basis.

## OTHER MOTIONS

Ward has filed various other motions. In Ward's "Motion for a Judicial Resolution," (Docket No. 25) he states that a change in Wisconsin law would have affected his term of confinement if it had been applicable when he was sentenced. Ward's motion is devoid of any explanation or argument as to how this is relevant to his federal petition for habeas corpus relief. Additionally, Ward's motion lacks any request for relief. Therefore, this motion shall be denied.

Second, Ward has filed two motions for substitution of judge. (Docket Nos. 29 and 30.) Provided a judge is able to proceed, there is no provision for judicial reassignment under federal statutes or federal or local rules. Additionally, absent extraordinary circumstances, a party is not able to revoke his consent to proceed before a magistrate judge. 28 U.S.C. § 636(c)(4); Fed. R. Civ. P. 73(b).

**IT IS THEREFORE ORDERED** that Ward's petition for a writ of habeas corpus is **denied** on its merits. The clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Ward's "Motion for a Judicial Resolution" is **denied**.

**IT IS FURTHER ORDERED** that Ward's motions for judicial reassignment are **denied**.

Dated at Milwaukee, Wisconsin this 6th day of March, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge